## Edge v. Buntain.

(Decided December 19, 1924.)

Appeal from Anderson Circuit Court.

Trusts—Evidence Held Insufficient to Show Payee of Corporation's Check Knew Check Drawn on Trust Funds.—Evidence held insufficient to show that payee of corporation's check knew that deposit on which check was drawn was to be used solely for construction of plant, and that payment of debt therefrom was fraud on stockholders.

J. A. EDGE, N. B. HAYS and J. W. GAINES for appellant.

L. W. McKEE and LILLARD H. CARTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Buntain bought, of authorized agents of the Kentucky Home Oil and Refining Company, 250 shares of its capital stock at its par value of $2,500.00. By agreement of the parties to the sale, and the cashier of the Lawrenceburg National Bank, one-half of this sum, or $1,250.00, was deposited in that bank to the credit of the refining company, but with the understanding and agreement of all parties that it would not be withdrawn or used except in payment for the construction, and after the completion, of a proposed refinery at Lawrenceburg.

Within a few days thereafter, the company, by two checks of $500.00 each, paid Edge $1,000.00 out of this fund, in satisfaction of its indebtedness to him. By this action Buntain recovered judgment against Edge for the $1,000.00 so paid him, as well as judgments against the company and some of its officers, but as Edge alone is appealing, we are concerned only with such features of the case as affect his liability.

It was sought by the first paragraph of the petition to include Edge in an alleged conspiracy to defraud plaintiff of his money by the sale of stock to him, but there was an utter failure to connect him therewith, and we may dismiss the conspiracy charge with the statement that we fully concur in the chancellor's finding for Edge on that issue of fact.

By the second paragraph of the petition it was alleged in substance that the fund in the Lawrenceburg

bank was impressed with a trust, that Edge had knowledge thereof, and that the payment of his debt therefrom was a fraud upon plaintiff's right. It was upon the theory that the evidence sustained the controverted allegations of this paragraph that the chancellor rendered judgment against Edge for the $1,000.00.

Waiving the question as to whether or not the deposit in the Lawrenceburg bank to the credit of the refining company was impressed with the alleged trust, about which there is much argument in brief, and assuming that it was so impressed, we are nevertheless of the opinion that the judgment against Edge was erroneous for the reason that there is no evidence in the record from which it reasonably can be inferred that he had any knowledge thereof. He denies any such knowledge and no witness testifies that he ever told him of the agreement under which the fund was deposited in the Lawrenceburg bank. He was not an officer or even a stockholder in the refining company, and his only connection therewith was in preparing its articles of incorporation and advising it as an attorney when requested so to do.

During the organization of the company, its promoters, and later its directors, held several meetings in one of the rooms in which he has his offices, but it is established without contradiction that he was not present at any of these meetings. That knowledge of the agreement under which the $1,250.00 was deposited in the Lawrenceburg bank is not to be imputed to him simply because of his employment as an attorney by the company, seems to us too obvious to admit or argument, and it is not otherwise contended for the appellee.

It is argued, however, for him that knowledge by Edge of the agreement under which the $1,250.00 was deposited in the Lawrenceburg bank is inferable from the fact that the checks given him by the company against that fund were protested by the bank when first presented for payment, but later paid by it upon representations and threats from the president of the refining company, the cashier of the Commerce Bank in Lexington, in which the checks were deposited for collection by Edge, and a letter written by Edge to the cashier of the Commerce Bank with reference to the refusal of the Lawrenceburg bank to pay the checks.

The cashier of the Lawrenceburg bank testified that the reason the checks were not paid when first presented was due in part to the agreement under which the $1,250.00 was deposited to the refining company's credit, but more especially because of doubt as to whether or not the checks were issued by proper officers of the refining company. He also testified that he had a conversation over the telephone with Mr. Stilz, the cashier of the Commerce Bank in Lexington, but he does not claim that he assigned to him any other reason for nonpayment of the checks except his doubt as to their having been issued by the proper officers of the refining company. Stilz does not testify at all, and Edge denies that he ever had any information from Stilz, or anyone else, with reference to the deposit in the Lawrenceburg bank, or that his checks had been protested for any other reason than because of doubt that they had been issued by proper officers of the refining company.

That he was not informed of any reason for protesting his checks and that the bank did not have any reason for protesting them other than the doubt with reference to their validity is strongly indicated by letters written by Edge to Stilz, and by Stilz to the Lawrenceburg bank, and upon receipt of which it paid the checks. These letters are as follows:

"November 22, 1922.

"The Lawrenceburg National Bank,
    Lawrenceburg, Ky.

"Attention of J. M. Johnson.

"Gentlemen:

"In accordance with our telephone conversation of yesterday, we are returning the two checks of the Kentucky Home Oil & Refining Co., indorsed by J. A. Edge, for $500.00 each. Also we have had prepared statement by Mr. Edge as suggested and are now enclosing same.

"Hoping this is what you want, I am with kindest regards,

"Yours very truly,
        "F. G. Stilz, Cashier."

"November 22, 1922.

"Mr. F. G. Stilz,
Cashier Bank of Commerce,
Lexington, Ky.

"Dear Mr. Stilz:

"Replying to your inquiry as to the officers of the Kentucky Home Oil & Refining Company, I beg to advise you that Mr. D. P. Weeks is president of the organization and Mr. Coffey is secretary, and they have full control of its affairs. I know both men quite well and have seen the minutes showing their election. The corporation was promoted at their direction and they hold the respective offices of president and vice-president. My endorsement of the checks deposited with you may be taken as my guarantee of the authority of the gentlemen to act as officers of the corporation.

"I am, with best wishes,
"Yours truly,
"(Signed) J. A. Edge."

The only other evidence in the record relied upon to prove knowledge by Edge is the fact that a letter from Weeks, the president of the refining company, to the cashier of the Lawrenceburg bank, demanding payment of the checks to Edge, was written in the office of Edge and upon his stationery. This circumstance, however, like all the rest of the testimony for plaintiff upon this point, warrants in our judgment, at most, only a suspicion that Edge may have known of the trust agreement, but is wholly insufficient to warrant a reasonable inference of such knowledge upon his part, and which he positively denies.

Wherefore, the judgment against Edge is reversed, and the cause remanded with directions to dismiss the petition as to him.